IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2112-FL

| | |
|---|---|
| JAY MIKAL BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA and ) | |
| RUSSELL W. DUKE, JR., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1361. The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

Petitioner, a Moorish American national, "[p]etitons this court to issue a writ of mandamus to order STATE OF NORTH CAROLINA SUPERIOR COURT SENIOR RESIDENT JUDGE W. RUSSELL, JR., and STATE OF NORTH CAROLINA SUPREME COURT to enforce AFFIDAVITS AND DEFAULT JUDGMENT filed on dates December 6, 2012 through March 6, 2013 as the writ of discovery submitted was not honored in support of this petition." Pet. p. 2. With this claim, petitioner appears to argue that as a member of the "Moorish American Nation," the State of North Carolina does not have jurisdiction to prosecute and imprison him. This argument, however, is baseless and meritless. See Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011). Moreover, petitioner is not entitled to ignore the laws of the State

of North Carolina by claiming membership in the "Moorish-American" nation. See, e.g., United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."); Allah El v. Dist. Att'y for Bronx County, No. 09-Civ. 8746, 2009 WL 3756331, *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.") The court further finds that petitioner's claims are frivolous because they are merely "fanciful" and so wholly irrational as to lack any basis in fact. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Based upon the foregoing, the court finds that petitioner has failed to state a claim.

For the foregoing reasons, petitioner's action is DISMISSED without prejudice for failure to state a claim. The certificate of appealability is DENIED. See 28 U.S.C. §2253. All pending motions are DENIED as moot.

SO ORDERED, this 16th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge